UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VIBERT JONES,

                Plaintiff,

    -against-                  MEMORANDUM AND ORDER
                                 08-CV-4404(JS)(ARL)

WEST ASSET MANAGEMENT, INC.,
SOCIAL SECURITY ADMINISTRATION,
U.S. DEPARTMENT OF EDUCATION OFFSET
UNIT, GEORGETOWN UNIVERSITY,

                Defendants.
----------------------------------X
APPEARANCES:
Plaintiff:      Vibert Jones, _pro se_
               140 Dikeman Street
               Hempstead, NY 11550

Defendants:
Georgetown
University:    Mark J. Lemire, Esq.
               Hogan & Hartson, LLP
               875 Third Avenue
               New York, NY 10022
Remaining
Defendants:    No appearance.

SEYBERT District Judge:

        On July 2, 2008, _pro se_ Plaintiff Vibert Jones filed a Complaint in the United States District Court for the Southern District of New York. In an Order dated October 20, 2008, the Southern District transferred Plaintiff's case to this Court.

        On March 26, 2009, Defendant Georgetown University filed a motion to dismiss. For the reasons stated below, the Court GRANTS Georgetown University's motion to dismiss.

## DISCUSSION

        Plaintiff maintains that the Government is improperly

garnishing his wages and social security benefits to pay off a student loan debt. On July 2, 2008, the Southern District of New York issued an order holding that it had "jurisdiction over plaintiff's claims against the [Department of Education ("DOE")] as the federal agency to whom the reduction of plaintiff's loan is being paid." However, the Southern District dismissed Plaintiff's claim against any other Defendant other than the DOE for failure to state a claim. The Court granted Plaintiff leave to amend his Complaint to clarify his claim against the DOE and to name the proper defendant.

On July 22, 2008, Plaintiff filed an Amended Complaint in the Southern District, which again named Georgetown University as a Defendant. On August 25, 2008, the Southern District held that Plaintiff failed to comply with its previous order directing Plaintiff to file "an amended complaint to name the proper defendant (the [DOE]). . . ."

Thereafter, Plaintiff filed a Second Amended Complaint, and on October 6, 2008, the Southern District transferred Plaintiff's case to this Court. In its October 6, 2008 order, the Southern District stated, "Plaintiff names other defendants . . . , however the Court instructed plaintiff in a prior order that the DOE is the only proper defendant."

The law of the case doctrine "holds that a decision on an issue of law made at one stage of a case should continue to govern

the same issue in subsequent stages of the same litigation." Katz v. Mogus, No. 07-CV-8314, 2008 U.S. Dist. LEXIS 50259, at *6 (S.D.N.Y. July 1, 2008) (citing Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 815-16, 108 S. Ct. 2166, 2177, 100 L. Ed. 2d 811 (1988)). Here, the Southern District informed Plaintiff three times that the proper Defendant in this action is the DOE, and that Plaintiff does not have a claim against the remaining named Defendants. Plaintiff has not provided any compelling reason for this Court to disregard the Southern District's holdings and the law of this case. Plaintiff does not state a cognizable claim against Georgetown University or any of the other named Defendants other than the DOE. As such, Georgetown University's motion to dismiss is GRANTED, and the Court sua sponte dismisses the other named Defendants with the exception of the DOE.

## CONCLUSION

For the reasons stated above, the Court GRANTS Georgetown University's motion to dismiss. The Clerk of the Court is directed to terminate all named Defendants in this action with the exception of the DOE.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  24  , 2009
Central Islip, New York