UNITED STATE DISCTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VIBERT JONES,

               Plaintiff,        MEMORANDUM AND ORDER
  -against-                          08-CV-4404 (JS) (ARL)

U.S. DEPARTMENT OF EDUCATION,

               Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Vibert Jones, Pro Se
                     140 Dikeman Street
                     Hempstead, NY 11550

For Defendant:
U.S. Dept of        James Halleron Knapp, Esq.
Education           U.S. Attorney's Office, EDNY
                     610 Federal Plaza
                     Central Islip, NY 11722

SEYBERT, District Judge

        On June 15, 2009, Plaintiff Vibert Jones, pro se, filed an Amended Complaint asserting that Defendant, the Department of Education ("DOE"), violated section 207 of the Social Security Act, 42 U.S.C. § 407, by garnishing his Social Security benefits and wages in order to repay his federal student loan.[1] Mr. Jones alleges that the Debt Collection Improvement Act of 1996, an exception to 42 U.S.C. § 407, specifically and deliberately excludes garnishment of Social

---

[1] The Court's August 24, 2009 dismissed this action against Defendants West Asset Management, Inc., the Social Security Administration and Georgetown University, finding these claims precluded under the law of the case doctrine. See Docket #29. Nevertheless, Mr. Jones' Amended Complaint makes numerous allegations against these Defendants, without seeking Court leave to do so. In light of the Court's August 24 Order, and previous related orders from the Southern District of New York (see Docket #1), the Court ignores these allegations as improperly pled.

Security benefits to repay federal student loans. The DOE has moved to dismiss under both Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

For the foregoing reasons, the DOE's Rule 12(b)(1) motion is GRANTED IN PART AND DENIED IN PART. The DOE's Rule 12(b)(6) motion is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

On January 7, 1985, Georgetown University issued Mr. Jones a $5,500 National Direct Student Loan, for attendance during the years 1983-1986. (Amend. Compl. p. 1; Ex. A1). To that end, Mr. Jones signed a promissory note stating that "all sums advanced under this note are drawn from a fund created under Part E of Title VI of the Higher Education Act of 1965 . . . and are subject to Federal Regulations issued under the Act." (Amend. Compl. Ex. A1).

On July 26, 2007, the DOE wrote Mr. Jones to notify him that his student loan was in default, and that it intended to collect this loan "by Treasury offset against any federal refund and other federal and/or state payments you may be entitled to receive in the future." (Amend. Compl. Ex. A6). On January 22, 2008, West Asset Management ("West"), DOE's contracted collection agency, informed Mr. Jones that the DOE had placed the student loan account with their agency for collection action. (Amend. Compl. Ex. A1). On January 29,

2

2008, Plaintiff responded by asking West to send him copies of all loan documents. (Amend. Compl. Ex. A2). West replied with copies of the original note. (Amend. Compl. p. 1; Ex. A3).

Upon Mr. Jones' further inquires, the DOE responded in a letter dated March 17, 2008. The DOE explained that on June 7, 2004, Georgetown University had assigned them the loan, because he failed to maintain contact, failed to make payment arrangements, and failed to settle the loan. The DOE also told Mr. Jones to contact West to make payment arrangements. (Amend. Compl. Ex. A5).

On April 27, 2009, another collection agency, Account Control Technology (ACT), contacted Mr. Jones regarding the defaulted loan, and requested payment. (Amend. Compl. Ex. A2).

Mr. Jones contends that garnishment of wages began as early as January 7, 2006, without his knowledge or permission. In six months he claims that West deducted in excess of $2000 and, after his retirement, the Treasury Offset deducted money from his Social Security benefits. (Amend. Compl. p. 3-4).

Mr. Jones alleges pursuant to 42 U.S.C. § 407 that Social Security benefits cannot be garnished in order to repay federal student loans and that the Debt Collection Improvement Act of 1996 does not apply. (Amend. Compl. p. 5)

In addition, Mr. Jones cites to "MCR 2.114(A),"[2] and claims that the DOE failed to initiate the appropriate court order regarding the issuance of a writ against him; which supposedly must be complied with in order to garnish wages or Social Security benefits. (Amend. Compl. p. 6).

Mr. Jones seeks to enjoin the DOE from offsetting his Social Security benefits. In addition, Mr. Jones seeks declaratory relief in the form of an order finding that the DOE is not entitled to offset his Social Security benefits, and specific relief in the form of returning his offset benefits, garnished wages and federal stimulus funds. (Amend. Compl. p. 11-12). Because Mr. Jones is pro se and his Amended Complaint did not clearly identify his statutory claims, the Court has liberally construed his Amended Complaint as asserting claims under the Higher Education Act, the Administrative Procedures Act, and the Federal Tort Claims Act.

## DISCUSSION

### I. Standard Of Review On A Motion To Dismiss

In deciding motions to dismiss brought under FED. R. CIV. P. 12(b)(6), the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868

---

[2] It is unclear what statute he is referring to. Using Bluebook citation, MCR 2.114(A) refers to a section of Michigan's Court Rules requiring signature and verification of court pleadings, and provides for sanctions if a party raises frivolous claims or defenses.

4

(2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft). Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion. Id. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Robinson v. Gov't of Malaysia, 269 F.3d 133, 140 n. 6 (2d Cir. 2001). When there is a question involving federal jurisdiction, such jurisdiction must be shown affirmatively. See Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). Accordingly, the Court will not draw inferences favorable to the party asserting jurisdiction. See id.

II. Subject Matter Jurisdiction

The DOE argues that "Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction." Br. at 9. But the DOE then proceeds to argue only that the

5

Court lacks subject matter jurisdiction to order <u>injunctive</u> relief against it. Br. at 10-11. And for good reason. The Higher Education Act, 20 U.S.C. § 1082(a)(2), expressly gives this Court "jurisdiction of civil actions arising under this part without regard to the amount in controversy." And the Act further waives sovereign immunity by authorizing the DOE to "sue or be sued . . . in any district court of the United States." <u>Id.</u> So the Court potentially has subject matter jurisdiction to adjudicate Mr. Jones' claims. <u>See</u> <u>Bartels v. Alabama Commercial College, Inc.</u>, 54 F.3d 702, 707 (11th Cir. 1995).

That being said, the DOE correctly argues that the Court cannot award injunctive relief. The Higher Education Act specifically limits the Court's jurisdiction by precluding it from issuing any "attachment, injunction, garnishment, or other similar process, mesne or final" against the DOE. 20 U.S.C. § 1082(a)(2). Accordingly, the Court can award injunctive relief against the DOE only if acts clearly outside of its statutory authority. <u>See</u> <u>Calise Beauty School, Inc. v. Riley</u>, 941 F. Supp. 425, 428 (S.D.N.Y. 1996) ("a court may <u>always</u> enjoin a federal officer who acts beyond his powers, even where a statute appears to prohibit injunctive relief"). And here, the DOE had every statutory right to garnish Mr. Jones' wages and offset his student loan debt from his Social Security benefits. <u>See</u> 20 U.S.C. § 1095a; 31 U.S.C. § 3716(c)(3)(A)(i)(I); <u>Lockhart v.</u>

6

U.S., 546 U.S. 142, 146, 126 S. Ct. 699, 163 L. Ed. 2d 557 (2005) ("Congress unambiguously authorized, without exception, the collection of 10-year-old student-loan debt by administrative offset of Government payments."). So while the Court can hear Mr. Jones' claim, it cannot afford him the injunctive relief he requests. Likewise, the Court notes <u>sua sponte</u> that it lacks subject matter jurisdiction to issue monetary awards against the DOE under the Higher Education Act. See <u>Sanon v. Department of Higher Educ.</u>, No. 06-CV-4928, 2010 WL 1049264, at *7 (E.D.N.Y. 2010); <u>De La Mota v. U.S. Dept. of Educ.</u>, No. 02-CV-4276, 2003 WL 21919774, at *4 (S.D.N.Y. 2003). Construing his Amended Complaint and supporting papers liberally, however, Mr. Jones appears to seek declaratory relief. Specifically, he asks the Court to declare that the DOE had no right to offset his Social Security benefits. And such a request provides the Court with subject matter jurisdiction under § 1082(a)(2)'s "sue or be sued" clause.

Similarly, liberally construing Mr. Jones' Amended Complaint, it appears that Mr. Jones also intended to plead an Administrative Procedures Act ("APA") claim. See <u>Sanon v. Department of Higher Educ.</u>, No. 06-CV-4928, 2010 WL 1049264, at *4 (E.D.N.Y. 2010) (construing improper garnishment claim against DOE as stating an APA claim). And the APA both confers

7

jurisdiction and provides for a limited waiver of sovereign immunity against the DOE. See 5 U.S.C. § 702.

That being said, the Court agrees with the Government that – to the extent Mr. Jones intended to assert a Federal Tort Claims Act cause of action – he failed to plead that he exhausted his administrative remedies. And, under the FTCA, the exhaustion "requirement is jurisdictional and cannot be waived." Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 82 (2d Cir. 2005). Thus, to the extent that Mr. Jones asserted an FTCA claim, the Court lacks subject matter jurisdiction over it.

It follows then that the Government's Rule 12(b)(1) motion must be GRANTED IN PART and DENIED IN PART. It is GRANTED with respect to Mr. Jones' Higher Education Act claim, except with respect to Mr. Jones' request for declaratory relief. It is DENIED with respect to Mr. Jones' APA claim. And it is GRANTED with respect to Mr. Jones' FTCA claim.

III. Higher Education Act Claim

Although the Court has subject matter jurisdiction to hear Mr. Jones' Higher Education Act cause of action, he nevertheless fails to state a claim. See Fed. R. Civ. P. 12(b)(6). Essentially, Mr. Jones argues that, under 42 U.S.C. § 407, the DOE had no right to administratively offset his Social Security benefits. He is wrong. Congress expressly authorized

such offsets in another statute. See Lockhart v. U.S., 546 U.S. 142, 146, 126 S. Ct. 99, 163 L. Ed. 2d 557 (2005). Accordingly, this claim must be dismissed.[3]

IV. Administrative Procedures Act Claim

The Administrative Procedures Act enables "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" to seek "judicial review thereof." 5 U.S.C.A. § 702. APA plaintiffs do not need to exhaust their administrative remedies before bringing suit unless "expressly required by statute or when an agency rule requires appeal before [judicial] review and the administrative action is made inoperative pending that review." Sharkey v. Quarantillo, 541 F.3d 75, 90 (2d Cir. 2008) (internal quotation and citation omitted). Here, the DOE "has not pointed to any statute or regulation that expressly mandates exhaustion of [Mr. Jones'] claims." Id.[4] Accordingly, for purposes of this motion, the Court finds that the APA's limited waiver of sovereign immunity

---

[3] Mr. Jones seeks other relief. But, even construing his papers liberally, this is the only declaratory relief he seeks. As such, it is the only basis for his Higher Education Act claim.

[4] The Court notes, however, that the DOE never briefed the APA issue. And, as an opposing party, the DOE obviously had no burden to construe Mr. Jones' Amended Complaint as liberally as the Court did. Given these circumstances, the Court will entertain a motion for reconsideration if the DOE can point to a statute or regulation that expressly mandates that Mr. Jones exhaust his administrative remedies before proceeding with his APA deficient notice claim.

9

suffices to permit the Court to adjudicate Mr. Jones' improper garnishment and offset claims.

Within this framework, Mr. Jones argues that, before the DOE could legally garnish his wages and Social Security benefits, it needed to provide him with proper notice and obtain a judgment against him. Mr. Jones claims that the DOE failed to go through these steps. Thus, Mr. Jones argues that the DOE's debt collection efforts were illegal, and that the DOE must therefore refund what it garnished or offset. See Sanon v. Department of Higher Educ., No. 06-CV-4928, 2010 WL 1049264, at *4 (E.D.N.Y. 2010) (notwithstanding APA's usual "bar against monetary damages," courts have jurisdiction to award the "specific relief" of returning improperly garnished funds). For the most part, Mr. Jones is wrong. As the documents Mr. Jones' annexed to his Amended Complaint attest to, he received proper notice that the DOE intended to collect his defaulted student loan "by Treasury offset against any federal refund and other federal and/or state payments you may be entitled to receive." (Amend. Compl. Ex. A6). And Mr. Jones cites no authority to support his proposition that the DOE first needed to obtain a judgment before collecting his student loan through either administrative wage garnishment or Social Security offsets.

Mr. Jones' claim for improper notice before the wage garnishment is another matter. Under the Higher Education Act,

the DOE needed to provide "written notice, sent by mail to the individual's last known address, a minimum of 30 days prior to the initiation of proceedings, from the guaranty agency or the Secretary, as appropriate, informing such individual of the nature and amount of the loan obligation to be collected." 20 U.S.C. § 1095a(a)(2). Mr. Jones alleges that the DOE failed to comply with this statutory requirement because it began garnishing his wages in January 2006, but provided no notice until July 2007. (Amend. Compl. p. 3; Opp. Br. at p. 2). The Government disputes Mr. Jones' allegations. But it does so through extrinsic evidence that the Court cannot consider on a Rule 12(b)(6) motion. See DOE Reply Br. at 4 (citing "Davis Decl., at §§ 43, 47; Davis 057; sample AWG notice annexed at Davis 058-065"). Rather, in the APA context, the Court must credit Mr. Jones' allegations as true. And Mr. Jones' allegation that the DOE failed to provide the notice before garnishing his wages sufficiently pleads the adverse "agency action" necessary to state an APA claim. 5 U.S.C § 702; 20 U.S.C. § 1095a(a)(2).

The Court notes, however, that Mr. Jones can only obtain limited relief. Even if Mr. Jones succeeds on his improper notice claim, any return of garnished wages would simply increase his outstanding student loan balance. And the DOE would then administratively offset that higher balance from

11

his ongoing Social Security payments. So, while Mr. Jones states a claim, the Court urges him to seriously consider whether it is worth pursuing such a claim that: (1) may be difficult or impossible to prove; and (2) will afford him no long-term substantive relief, but merely reimburse Paul (garnished wages) by offsetting Peter (Social Security benefits). The DOE, for its part, might want to consider whether it is worth fully defending such a claim, given the limited relief that might be available.

## CONCLUSION

The DOE's motions are GRANTED IN PART AND DENIED IN PART. Mr. Jones' Amended Complaint is DISMISSED except for his APA claim for reimbursement of his garnished wages. Any relief that Mr. Jones obtains through this claim, however, will merely entitle the DOE to higher offsets from Mr. Jones' Social Security benefits.

SO ORDERED.

/s/ JOANNA SEYBERT

Joanna Seybert. U.S.D.J.

Dated: July 6, 2010
Central Islip, New York